[Civ. No. 20954. Second Dist., Div. One. Oct. 31, 1955.]

SCOTT G. PORTER et al., Respondents, v. PEARL E. ARNOLD, Appellant.

Charles A. Thomasset for Appellant.

Potter & Rouse and Walter S. Home for Respondents.

WHITE, P. J.—This is an appeal by defendant from a judgment that she shall execute and deliver through a certain escrow a grant deed conveying to plaintiffs, as joint tenants, a certain 38.2 acre parcel of real property.

May 8, 1953, the plaintiffs and defendant entered into a written contract, whereby plaintiffs agreed to buy and defendant agreed to sell said real property for $4,500, to be paid $1,500 in cash through the escrow and the balance by promissory note secured by trust deed on said property. Plaintiffs deposited in the escrow the cash, note and trust deed. Defendant failed and refused to deposit any deed in said escrow.

Appellant urges as grounds for reversal that certain findings of fact are not supported by the evidence. As listed in appellant's opening brief, they are:

"Finding XII, in substance, provides that plaintiffs had performed and fulfilled each and all of the terms and conditions of the original escrow agreement.

"Finding XIII provides, in substance, that plaintiffs demanded of defendant that she perform the terms of the original escrow agreement and that defendant refused to do so.

"Finding XIV is to the effect that defendant in refusing to execute and deliver the conveyance provided in the original escrow instruction acted in bad faith.

"Finding XV is to the effect that the allegations and denials of defendant's answer are untrue except as the facts are found to be true in the findings of fact.

"Finding XVI is to the effect that the allegations of defendant's first affirmative defense (that plaintiffs had abandoned the contract) are untrue."

Appellant claims that Finding XII is without evidentiary support because respondents' trust deed failed to reserve the mineral rights. ▮ Where, as in the instant action, the trust deed deposited in the escrow describes the property required by the escrow instructions, and more, it amounts to substantial evidence of respondents' performance of the terms of the original escrow agreement as found by the court.

Finding XIII is that respondents have demanded a conveyance "in accordance with the terms of said written con-

tract'' and that appellant has neglected and refused to execute and deliver such conveyance.

Each of the findings cited as error is supported by the evidence.

Appellant's contention is that, by their approval of the escrow agent's proposed amendment to escrow instructions, respondents had abandoned the original instructions. The proposed amendment to the escrow instructions signed by respondents only could not change the terms of the written agreement. The escrow instructions signed by all parties continued to be their contract. That the escrow agent sent to appellant for signature a deed containing a reservation of mineral rights, which was not the same as in the original instructions, did not justify appellant's failure to comply with the terms of the agreement.

Since appellant's entire argument is based upon the assumption that respondents had abandoned and failed to perform their written contract, the authorities cited in her brief have no application to the facts of the instant action, as found by the trial court and supported by the record before us.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.